IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-4815-CV-MOORE/WHITE(SORRENTINO)

ERNESTO DIAZ,

    Petitioner,

v.

SEC'Y FOR THE DEPT. OF CORR.,

    Respondent.

**CLOSED CIVIL CASE**

## ORDER ADOPTING IN PART REPORT OF MAGISTRATE JUDGE FOLLOWING EVIDENTIARY HEARING AND DENYING PETITIONER'S § 2254 PETITION

THIS CAUSE came before the Court upon Petitioner's Motion Filed Under 28 U.S.C. §2254 (DE # 1).

THIS MATTER was referred to the Honorable Charlene H. Sorrentino, United States Magistrate Judge. Magistrate Judge Sorrentino issued a Report and Recommendation dated November 9, 2001 (DE #12), recommending that the petition for a writ of habeas corpus be denied. Petitioner did not file objections. This Court entered an order on January 4, 2002 (DE # 15), adopting Magistrate Judge Sorrentino's Report and Recommendation and denying the Petitioner's § 2254 Motion. Petitioner then appealed to the Eleventh Circuit, which granted a Certificate of Appealability only as to the issue of "[w]hether the district court erred in denying as procedurally barred appellant's first claim of ineffective assistance of counsel, involving trial counsel's failure to challenge for cause certain allegedly biased members of the jury panel?" (DE # 24).

The Eleventh Circuit issued its Mandate on February 16, 2006. The Court of Appeals reversed and remanded the case to this Court, holding that this Court was in error to have applied

a procedural bar to Petitioner's first claim, and directed this Court "to hold an evidentiary hearing on the issue of whether Diaz received ineffective assistance of counsel when his attorney failed to challenge, for cause, certain allegedly biased members of the jury panel." (DE # 28). The evidentiary hearing was held before Magistrate Judge Patrick A. White on June 28, 2006. The parties each filed a Post-Hearing Memorandum ( Petitioner's Memorandum DE # 45, Respondent's Memorandum DE # 46). Diaz also filed a Response to the Respondent's Memorandum (DE # 47). Finally, Magistrate Judge White issued a Report and Recommendation dated September 15, 2006 (DE # 49) to which Diaz objected on September 25, 2006 (DE # 50).

UPON CONSIDERATION of Motion Filed Under 28 U.S.C. § 2254 (DE # 1), and after a *de novo* review of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that Magistrate Judge White's Report and Recommendation (DE # 49) is ADOPTED IN PART. Petitioner has failed to show that jurors Georges, Perez, and Abelson were biased, or that trial counsel was ineffective for failing to lodge cause challenges against them. Additionally, Petitioner's claim, raised in the June, 2006 evidentiary hearing, that trial counsel failed to properly voir dire the jurors, is a new claim. This claim was not exhausted in state court, and therefore is procedurally defaulted. See Anderston v. Harless, 459 U.S. 4 (1982); McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005) (holding, pursuant to § 2254(b)(1), habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court).

Petitioner claims he may present new factual allegations as long as "the ultimate question for disposition" is the same and the new facts do not "fundamentally alter the legal claim already considered by state courts." Pet. Obj. to Rep. of Mag. Judge, 3 (DE # 50) quoting Picard v.

2

Connor, 404 U.S. 270, 275 (1971); Vasquez v. Hillery, 474 U.S. 254, 260 (1986). The cases cited by Petitioner to support his claim are distinguishable from the case at hand. In Picard, the Supreme Court noted in dicta that "there are instances in which 'the ultimate question for disposition' . . . will be the same despite variations in the legal theory or factual allegations urged in its support." 404 U.S. at 277. However, Picard was "not a case in which factual allegations were made to the federal courts that were not before the state courts . . . . [The Supreme Court] therefore put aside consideration of those types of cases." Id. at 276. The instant case is precisely the type of case explicitly excluded by Picard.

Petitioner also quotes Vasquez in support of his claim. Pet. Obj. to Rep. of Mag. Judge at 3. In Vasquez, the Supreme Court held that Hillery, convicted of first-degree murder, had not failed to meet the exhaustion requirement when he presented new evidence to the District Court, as he was explicitly ordered to present precisely that new evidence. Id. at 257. Hillery had been "directed [by the court] to present [his] views regarding the application of statistical probability analysis to the facts of the case, to assist [the District Judge] in focusing on the likelihood that chance or accident alone could account for the exclusion of a group from grand jury service." Id. (internal citations and quotation omitted). This was the new evidence to which Picard objected, claiming the statistical evidence raised new issues which Hillery had failed to exhaust before seeking federal habeas review. Id. Picard is distinguishable from the instant case. In Picard, Hillery was not merely afforded the opportunity to bring his evidence before the court, as was the instant Petitioner, Hillery was ordered in provide specific new evidence to assist that District Judge.

Additionally, the Eleventh Circuit provides guidance on this specific point, having held

3

that "habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts." Kelley v. Sec'y for Dept. of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004) cert. denied, 125 U.S. 2962 (2005). That Court also noted "allowing a habeas petitioner to allege a single instance of ineffective assistance in his state post-conviction proceedings and then proceed to federal court to allege additional instances would be contrary to the state's full and fair opportunity to address the claim on the merits." Id. (internal quotation omitted). The Kelley court found the original claim, for ineffective assistance of counsel based on counsel's failure to develop defense theories, was separate from the claim raised by the allegation of new facts, ineffective assistance of counsel based on counsel's failure to investigate. Id. at 1348. That Court therefore found the new claim had not been properly exhausted. Id. Similarly, here, Petitioner's claim of ineffective assistance of counsel is a separate, new, and unexhausted claim. Accordingly, it is

ORDERED AND ADJUDGED that Petitioner's Motion Filed Under 28 U.S.C. § 2254 (DE # 1) is DENIED. It is further

ORDERED AND ADJUDGED that Magistrate Judge White's Report and Recommendation (DE # 49) is ADOPTED IN PART, with the following minor changes:

1) On page 1, the first sentence should begin: "On December 19, 2000, . . . ."

2) On page 3, the full citation for Kelley should be: Kelley v. Sec'y for Dept. of Corr., 377 F.3d 1317, 1350 (11th Cir. 2004) cert. denied, 125 U.S. 2962 (2005).

3) On page 5, the full citation for Chandler should be: Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000).

4) On page 6, the citation after the sentence ending "collateral claim of ineffective assistance" should be: <u>United States v. Costa</u>, 691 F.2d 1358, 1364 (11th Cir. 1982); <u>Coco v. United States</u>, 569 F.2d 367, 371 (5th Cir. 1978).

5) On page 7:

    A) The full citation for <u>Ross v. Oklahoma</u> should be: 487 U.S. 81, 85 (1968).

    B) The full citation for <u>Irvin v. Dowd</u> should be: 366 U.S. 717, 722 (1961)

    C) The short citation at the end of the first full paragraph should be: <u>Id.</u> at 724-25.

    D) The full citation for <u>Jenkins v. State</u> should be: 824 So.2d 977, 982 (Fla. 4 DCA 2002).

ORDERED AND ADJUDGED that all pending motions are DENIED AS MOOT. The Clerk of Court is directed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of November, 2006.

/s/ K. Michael Moore
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge P.A. White
       All counsel of record